IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3084-FL

MICHAEL EUGENE HUNT,                    )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )              ORDER
                                        )
GOVERNOR BEVERLY PERDUE, et             )
al.,                                    )
                                        )
            Defendants.

 

Michael Eugene Hunt ("plaintiff"), a state inmate, filed this action pursuant to 42 U.S.C. §

1983. This matter comes before the court on the motion for judgment on the pleadings (DE # 20)

filed by defendants Beverly Perdue and Alvin Keller Jr. Also before the court are plaintiff's motion

to amend his complaint (DE # 23) and motion to appoint counsel (DE # 25). These matters are ripe

for adjudication. For the following reasons, the court grants plaintiff's motion to amend, but denies

his motion to appoint counsel. The court also denies without prejudice defendants' motion to

dismiss.

The court first addresses plaintiff's motion to amend. Pursuant to Federal Rule of Civil

Procedure 15, a plaintiff may amend a pleading before trial as a matter of course within twenty-one

(21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days

after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or

(f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Plaintiff filed his motion to amend within twenty-

one (21) days of defendants' answer on March 25, 2010. Thus, plaintiff's motion to amend is

ALLOWED pursuant to Rule 15(a)(1). Plaintiff's amended complaint will be considered the complaint in its entirety. Further, plaintiff is cautioned that his amended complaint should contain only claims that he has exhausted pursuant to 42 U.S.C. § 1997e(a). Because the court grants plaintiff's motion to amend, the court denies without prejudice defendants' motion for judgment on the pleadings.

The court now turns to plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases. See Lyles v. Signal, 1997 WL 577651, at *1 (4th Cir. 1997) (unpublished); Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982), cert denied, 459 U.S. 1214 (1983). The Fourth Circuit has held that courts may be required to request counsel for *pro se* litigants in "exceptional circumstances." Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for Southern Dist. Of Iowa, 490 U.S. 296, 300 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Id. (citing Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)). This case does not present these exceptional circumstances. Thus, plaintiff's motion to appoint counsel is DENIED.

In summary, plaintiff's motion to amend (DE # 23) is GRANTED. Plaintiff has fifteen (15) days from the date of this order to file his amended complaint. Plaintiff is cautioned that his failure to do so will result in the dismissal of his complaint without prejudice. Plaintiff's motion to appoint counsel (DE # 25) is DENIED. Defendants' motion for judgment on the pleadings (DE # 20) is DENIED without prejudice.

SO ORDERED, this the 23<sup>d</sup> day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

2